**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Garland Scott Holden,<br><br>Plaintiff,<br><br>v.<br><br>Carolyn Colvin, Acting Commissioner, Social Security Administration,<br><br>Defendant. | No. CV-11-01726-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a timely motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Docs. 24-25. A response and reply have been filed. Docs. 27-28. The Court will grant the motion.

**I.   Background.**

An administrative law judge ("ALJ") denied Plaintiff's application for social security benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Doc. 22 at 1. That decision became Defendant's final decision when the Appeals Council denied review. *Id.* Plaintiff then brought an action for judicial review pursuant to 42 U.S.C. § 405(g). The Court ruled in favor of Plaintiff and remanded the case to Defendant for further proceedings. Doc. 22 at 13.

**II.   Analysis.**

"The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act,

42 U.S.C. § 405(g). *See* Doc. 22 at 13; *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."); *Flores*, 49 F.3d at 567 ("If the district court enters judgment reversing and remanding under sentence four, then the claimant must apply for fees within 30 days of the date the judgment becomes final."). The Court should award reasonable attorney's fees and costs under the EAJA unless Defendant shows that its position in the case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258.

### A. Was Defendant's Position Substantially Justified?

Defendant argues that an award of attorney's fees should be denied because her position was substantially justified. Doc. 27 at 1. The Court disagrees. Under the EAJA, "substantial justification" means that "'the government's position must have a reasonable basis in law and fact.'" *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)). "Where, as here, the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether [Defendant's] position as to the merits of [Plaintiff's] disability claim was substantially justified. Rather, the relevant question is whether [Defendant's] decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Id.* (emphasis in original).

Defending "basic and fundamental errors" is not substantially justified. *Shafer*, 518 F.3d at 1071-72 (holding that it was legal error to discredit Claimant's testimony without giving clear and convincing reasons, and that the Commissioner was not substantially justified in defending it). A reviewing court should not have to speculate as to the reasons the ALJ rejected the claimant's allegations. *Corbin v. Apfel*, 149 F.3d at 1052 (holding Commissioner was not substantially justified in defending an ALJ's decision in which he rejected Claimant's subjective testimony without specific findings).

Defense of the ALJ's decision in this matter was not substantially justified. The ALJ committed the same error as those in *Shafer* and *Corbin*. The ALJ dismissed Plaintiff's testimony, reasoning only that: "Claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Doc. 22 at 12. The ALJ committed legal error because he "did not identify the evidence on which he was relying, did not give specific, clear, and convincing reasons for his determination, and made no specific findings." *Id.* Just as the Commissioner was not substantially justified in defending the errors in *Shafer* and *Corbin*, Defendant was not substantially justified in defending this case.

**B.     Is the Amount if the Requested Fee Award Reasonable?**

Plaintiff's counsel has filed a motion for an award of attorney's fees pursuant to the EAJA. Counsel submitted an itemized statement that shows he worked 17.5 hours on the case, plus one hour for a reply in support of the motion. Having reviewed counsel's statement and having considered the fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 (1983) the Court finds that the total of 18.5 hours is not excessive. The Court will grant Plaintiff's motion and award $3,399.00 in attorney's fees.

**IT IS ORDERED:**

1.   Plaintiffs motion for attorney fees (Doc. 24) is **granted**.
2.   Plaintiff is awarded **$3,399.00** in attorney's fees and costs pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 6th day of June, 2013.

_____
David G. Campbell
United States District Judge